**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Temeca Richardson<br>3123 Wakefern Place<br>Columbus, Ohio 43224 | *<br><br>* | |
| -and- | * | |
| Stacey Sutherland<br>2121 Mans-Lucas Road<br>Mansfield, Ohio 44903 | *<br><br>* | Case No. 2:17-cv-838<br><br>Judge: |
| -and- | * | Magistrate Judge: |
| Stephanie Ayers<br>6294 Brauning Drive<br>Reynoldsburg, Ohio 43068 | *<br><br>* | **PLAINTIFFS' COLLECTIVE AND<br>CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |
| -and- | * | |
| Angela Camara<br>4917 Majestic Drive North<br>Columbus, Ohio 43232 | *<br><br>* | |
| -and- | * | |
| Lois Johnson<br>2311 Woodland Ave.<br>Columbus, Ohio 43211 | *<br><br>* | |
| Individually and on behalf of<br>other members of the general<br>public similarly situated, | *<br><br>* | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| Vizion One Inc<br>4889 Sinclair Road<br>Columbus, Ohio 43229 | *<br><br>* | |
| -and- | * | |

|                                         |   |
|-----------------------------------------|---|
|                                         | * |
| Vizion One Inc.                         |   |
| 4889 Sinclair Road                      | * |
| Columbus, Ohio 43229                    |   |
|                                         | * |
| -and-                                   |   |
|                                         | * |
| Addallah Kitwara                        |   |
| 4889 Sinclair Road                      | * |
| Columbus, Ohio 43229                    |   |
|                                         | * |
| -and-                                   |   |
|                                         | * |
| Venesia Kitwara                         |   |
| 4889 Sinclair Road                      | * |
| Columbus, Ohio 43229                    |   |
|                                         | * |
| Defendants.                             |   |
|                                         | * |

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Now come Plaintiffs Temeca Richardson, Stacey Sutherland, Stephanie Ayers, Angela Camara, Lois Johnson and Javani Smith (collectively "Named Plaintiffs" or "Plaintiffs") through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for their Collective and Class Action Complaint against Defendants Vizion One Inc ("Defendant Vizion One - Ohio"), Vizion One Inc. ("Defendant Vizion One – D.C."), Addallah Kitwara ("Defendant AK"), and Venesia Kitwara ("Defendant VK") (collectively, "Defendants"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. 4111.03, 4111.08, and the OPPA

are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

1.    This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.    Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.    THE PARTIES

4.    Named Plaintiff Temeca Richardson ("Named Plaintiff Richardson" or "Plaintiff Richardson"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.    Named Plaintiff Richardson was employed as an office clerk from approximately May 2016 until approximately July 2017.

6.    Named Plaintiff Richardson brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid

overtime and other unpaid compensation under the FLSA. Named Plaintiff Richardson's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as composite **Exhibit A**).

7.      Named Plaintiff Stacey Sutherland ("Named Plaintiff Sutherland" or "Plaintiff Sutherland"), is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

8.      Named Plaintiff Sutherland was employed as a home health aide from approximately August 2016 until approximately August 2017.

9.      Named Plaintiff Sutherland brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff Sutherland's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as composite **Exhibit A**).

10.     Named Plaintiff Stephanie Ayers ("Named Plaintiff Ayers" or "Plaintiff Ayers"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

11.     Named Plaintiff Ayers has been employed as a home health aide from approximately March 2017 and is still presently employed as of the date of this filing.

12.     Named Plaintiff Ayers brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff Ayers' consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as composite **Exhibit A**).

13. Named Plaintiff Angela Camara ("Named Plaintiff Camara" or "Plaintiff Camara"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

14. Named Plaintiff Camara has been employed as a home health aide from approximately December 2016 and is still presently employed as of the date of this filing.

15. Named Plaintiff Camara brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff Camara's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as composite **Exhibit A**).

16. Named Plaintiff Lois Johnson ("Named Plaintiff Johnson" or "Plaintiff Johnson"), is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

17. Named Plaintiff Johnson has been employed as a human resources clerk and home health aide from approximately February 2017 until approximately September 2017.

18. Named Plaintiff Johnson brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff Johnson's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as composite **Exhibit A**).

19. Defendant Vizion One Inc ("Defendant Vizion One – Ohio") is an Ohio for profit corporation with its principal place of business in the Southern District of Ohio. Defendant Vizion One - Ohio is a home care staffing agency of direct care workers for the disabled, the elderly, and

any other individual in need of assistance. According to Defendant Vizion One – Ohio's website,[1] it provides services in the following areas: home health aide services, skill nursing services, social services, physical therapy, occupational therapy, speech therapy, case management services, behavioral health management and medical transportation.

20.     Defendant Vizion One - Ohio has maintained multiple locations in Ohio, including offices in Columbus, Dayton, Cincinnati and Mansfield.[2]

21.     Defendant Vizion One - Ohio may be served at its above-listed business address or through its Registered Agent Venesia Kitwara, 2170 North Gettysburg Ave., Dayton, Ohio 45406.

22.     Defendant Vizion One Inc. ("Defendant Vizion One – D.C.") is a foreign for-profit corporation with its principal place of business in the Southern District of Ohio and is registered to conduct business in the State of Ohio. Defendant Vizion One – D.C. is a home care staffing agency of direct care workers for the disabled, the elderly, and any other individual in need of assistance. According to Defendant Vizion One – D.C.'s website,[3] it provides services in the following areas: home health aide services, skill nursing services, social services, physical therapy, occupational therapy, speech therapy, case management services, behavioral health management and medical transportation.

23.     Defendant Vizion One – D.C. has maintained multiple locations in Ohio, including offices in Columbus, Dayton, Cincinnati and Mansfield.[4]

---

[1] *See* http://viziononeinc.com/index.php/ct-menu-item-84
[2] Upon information and belief, the Mansfield office is no longer open.
[3] See Footnote 1.
[4] See Footnote 2.

24.     Defendant Vizion One – D.C. may be served at its above-listed business address or through its Registered Agent Ibrahim Bundu, 3256 Manchester Way Drive, Westerville, Ohio 43081.

25.     Upon information and belief, Defendant Addallah Kitwara ("Defendant AK") is an individual, a United States Citizen, and a resident of the State of Ohio.

26.     Upon information and belief, Defendant Venesia Kitwara ("Defendant VK") is an individual, a United States Citizen, and a resident of the State of Ohio.

27.     Upon information and belief, Defendants AK and VK are believed to be the owners of Defendant Vizion One – Ohio and Defendant Vizion One – D.C. Defendant VK is believed to be the Chief Executive Officer ("CEO") of Defendant Vizion One – Ohio and Defendant Vizion One – D.C.

28.     Defendant VK is also the statutory agent of Defendant Vizion One – Ohio as provided above.

29.     Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the OMFWSA, and Ohio Constitution Art. 2 §34a.

30.     During relevant times, Defendants AK and VK as founders and owners and Defendant VK as CEO, have had operational control over significant aspects of the day-to-day functions of Defendant Vizion One – Ohio and Defendant Vizion One – D.C., including the day-to-day functions of Named Plaintiffs.

31.     During relevant times, Defendants AK and VK have had the authority to hire, fire and discipline employees, including Named Plaintiffs.

32.     During relevant times, Defendants AK and VK have had the authority to set rates and methods of compensation of Named Plaintiffs.

33.     During relevant times, Defendants AK and VK have had the authority to control the work schedule and employment conditions of Named Plaintiffs.

34.     During relevant times, Defendants AK and VK have had ultimate authority and control of employment records.

35.     During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiffs.

36.     During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiffs.

37.     During relevant times, Defendants shared the services of Named Plaintiffs.

38.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiffs.

39.     Defendants are actively doing business in this judicial district and are jointly an "employer" as that term is defined by the FLSA and the Ohio Acts.

40.     During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

41.     During relevant times, Defendants benefitted from the work performed by Named Plaintiffs and those similarly situated.

42.     Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of

sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

43.     During relevant times, Defendants have been involved in the employment decisions of Named Plaintiffs, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Named Plaintiffs and all other similarly situated employees.

### III.     <u>FACTS</u>

44.     All of the preceding paragraphs are realleged as if fully rewritten herein.

45.     During her employment with Defendants, Named Plaintiff Richardson worked as an office clerk filing documentation, answering phone calls, billing and performing related tasks from May 2016 until approximately July 2017. Named Plaintiff Richardson regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

46.     During her employment with Defendants, Named Plaintiff Sutherland worked as a home health aide providing companionship services, domestic services, home care, and other in-home services from approximately August 2016 until approximately August 2017. Named Plaintiff Sutherland regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

47.     During her employment with Defendants, Named Plaintiff Ayers worked as a home health aide providing companionship services, domestic services, home care, and other in-home services from approximately March 2017 and is still presently employed as of the date of this filing. Named Plaintiff Ayers regularly worked more than 40 hours per week, but was not paid one

and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

48.     During her employment with Defendants, Named Plaintiff Camara worked as a home health aide providing companionship services, domestic services, home care, and other in-home services beginning approximately in December 2016 and is still presently employed as of the date of this filing. Named Plaintiff Camara regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

49.     During her employment with Defendants, Named Plaintiff Johnson worked as a human resources clerk providing office related tasks such as filing, answering phone calls, billing and related office tasks from approximately February 2017 until approximately July 2017. Named Plaintiff Johnson additionally worked as a home health aide providing companionship services, domestic services, home care, and other in-home services from approximately February 2017 until approximately September 2017. Named Plaintiff Johnson regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate ("overtime premium" or "overtime") for hours she worked over 40 in any workweek.

50.     At all times relevant herein, the Named Plaintiffs were employees of Defendants as defined in the FLSA and the Ohio Wage Act.

51.     Subject to the elimination of a previous exemption, all Named Plaintiffs were hourly, non-exempt employees of Defendants as defined in the FLSA and the Ohio Wage Act.

52.     Defendants are and have been an "employer" as that term is defined by the FLSA and the Ohio Wage Act.

53.     During relevant times, Defendants suffered and permitted Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

54.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as record keeping laws of the State of Ohio.

55.     During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

56.     Defendants are in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages.

## IV.    COLLECTIVE ACTION ALLEGATIONS

### A.  216(b) Collective Action for Unpaid Overtime and Other Wages.

57. The Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of the following subclasses:

> (1) All Ohio current and former hourly, non-exempt home health employees of Defendants, including home health aides, providing companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40, from January 1, 2015 through the date of final disposition of this case (the "216(b) Home Health Subclass").

> (2) All Ohio current and former hourly, non-exempt employees of Defendants that did not provide companionship services,

domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 for the three years preceding the filing of this case through its date of final disposition (the "216(b) Hourly Employee Subclass").

Members of the "216(b) Home Health Subclass" and the "216(b) Hourly Employee Subclass" will be referred to as either the "216(b) Class" or "216(b) Class Members."

58.     Examples of employees that may be members of the 216(b) Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides, human resources clerks, administrative staff, office staff, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

59.     Examples of employees that may be members of the 216(b) Class are in positions in the following departments of Defendants: home health aide services, skill nurse services, social work, rehabilitation services and human resources/administration.

60.     Those 216(b) Class Members in the 216(b) Home Health Subclass who provided companionship services, domestic services, home care, and/or other in-home services were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *1 (S.D. Ohio Feb. 27, 2017).

61.     Other 216(b) Class Members in the 216(b) Hourly Employee Subclass such as human resources clerks and similar hourly employees were never subject to an exemption under the FLSA.

62.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiffs,

numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

63.     The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

64.     The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and §216(b) Class Members.

**B.  Fed.R.Civ.P. 23 Class Action for Unpaid Overtime Wages.**

65. The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class, consisting of the following subclasses:

> (1) All Ohio current and former hourly, non-exempt home health employees of Defendants, including home health aides, providing companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40, from January 1, 2015 through the date of final disposition of this case (the "Rule 23 Home Health Subclass").

> (2) All Ohio current and former hourly, non-exempt employees of Defendants that did not provide companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly

paid time and a half for the hours they worked over 40 for the three years preceding the filing of this case through its date of final disposition (the "Rule 23 Hourly Employee Subclass").

Members of the "Rule 23 Home Health Subclass" and the "Rule 23 Hourly Employee Subclass" will be referred to as either the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members."

66.     Examples of employees that may be members of the Ohio Rule 23 Class include, but may not be limited to: home managers, support associates, caregivers, home health aides, aides, human resources clerks, administrative staff, office staff, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

67.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

68.     The Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

69.     The Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

70.     The Named Plaintiffs do not have an interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

71.     The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

72.     Questions of law and fact are common to the Ohio Rule 23 Class.

73.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

74.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Ohio Rule 23 Class as a whole.

75.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

76.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants calculated the Ohio Rule 23 Class' overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

77.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members

to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.  CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

78.     All of the preceding paragraphs are realleged as if fully rewritten herein.

79.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the 216(b) Class.

80.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

81.     During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiffs and the 216(b) Class Members.

82.     The Named Plaintiffs and the 216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

83.     The Named Plaintiffs and the 216(b) Class Members regularly worked in excess of 40 hours in a workweek.

84.     Defendants violated the FLSA with respect to Named Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

85.     The Named Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

86.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants were doubtlessly aware of the January 1, 2015 exemption elimination for third party employers, yet Defendants willfully withheld and failed to pay the overtime compensation to which those Named Plaintiffs and 216(b) Class Members in the 216(b) Home Health Subclass who provided companionship services, domestic services, home care, and/or other in-home services are entitled.

87.     In addition, Defendants willfully withheld and failed to pay the overtime compensation to which those Named Plaintiffs and 216(b) Class Members in the 216(b) Hourly Employee Subclass.

88.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiffs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

89.     As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## <u>COUNT II</u>
## (O.R.C. § 4111.03 — OHIO RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

90.     All of the preceding paragraphs are realleged as if fully rewritten herein.

91.     This claim is brought under Ohio Law.

92.     The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are an employer covered by the overtime requirements under Ohio Law.

93.     Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

94.     While employed by Defendants, the Named Plaintiffs and the Ohio Rule 23 Class Members in the Rule 23 Home Health Subclass worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working since January 1, 2015.

95.     While employed by Defendants, the Named Plaintiffs and the Ohio Rule 23 Class Members in the Rule 23 Hourly Employee Subclass worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working during the past three years.

96.     Defendants' company-wide corporate policy of not paying time and a half for the hours that the Named Plaintiffs and Ohio Rule 23 Class Members worked over 40 each week resulted in unpaid overtime.

97.     Named Plaintiffs and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio Law.

98.     Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiffs were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed

to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Class Members are entitled.

99.     For Defendants' violations of O.R.C. § 4111.03, by which the Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Class Members.

## COUNT III
### (O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION)

100.    All of the preceding paragraphs are realleged as if fully rewritten herein.

101.    The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants.

102.    During relevant times, Defendants were an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

103.    The OPPA requires that the Defendants pay Named Plaintiffs and the Ohio Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

104.    During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

105.     The Named Plaintiffs and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

106.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

107.     All of the preceding paragraphs are realleged as if fully rewritten herein.

108.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

109.     During all times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

110.     Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

111.     During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

112.     In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT V
## (FLSA RETALIATION – NAMED PLAINTIFF AYERS ONLY)

113.     All of the preceding paragraphs are realleged as if fully rewritten herein.

114.     Shortly after Named Plaintiff Ayers began working for Defendants, she discovered she had not been compensated by Defendants for all hours worked over forty (40) per workweek at a rate of at least one and one-half times her regular rate of pay.

115.     Named Plaintiff Ayers then asked Defendants and their office administrator, Abdul Sesay ("Mr. Sesay"), about payment of overtime wages and inquired as to why she had not been paid overtime wages for her hours worked over forty (40) per workweek.

116.     Mr. Sesay told Name Plaintiff Ayers that Defendants have a company-wide policy of not paying their hourly non-exempt employees, including home health employees such as Named Plaintiff Ayers, overtime compensation of at least one and one-half times their regular rates of pay for hours worked in excess of 40 in a workweek.

117.     Named Plaintiff Ayers then contacted the United States Department of Labor, Wage and Hour Division ("Wage and Hour Division") to ask about overtime pay laws and her entitlement to payment of overtime wages as a home health aide. The Wage and Hour Division advised Named Plaintiff Ayers that due to the removal of a previous exemption and new overtime pay requirements affecting in-home care companies such as Defendants, Named Plaintiff Ayers was entitled to be paid overtime wages for all hours worked over 40 per week as a home health aide for Defendants.

118.     The Wage and Hour Division asked Named Plaintiff Ayers whether she wanted to file a formal claim against Defendants for their failure to comply with the overtime laws. She declined to file a formal claim at that time and stated she would instead discuss the matter again with Defendants in an effort to resolve the matter without filing a formal complaint.

119.    In or around May of 2017, Named Plaintiff Ayers met with Mr. Sesay to again discuss her entitlement to overtime wages and her recent discussions with Wage and Hour Division during which she was advised of the prior exemption's removal for home health aides.

120.    Defendants had prepared a form for all their home health aides that stated they were not entitled to overtime wages, and/or they agreed to "waive" their entitlement to overtime wages, for all hours worked over 40 per workweek and required all home health aides to sign the same.

121.     Named Plaintiff Ayers refused to sign the form Defendants prepared that incorrectly stated she and Defendants' other home health aides were not entitled to payment of overtime wages and/or that they agreed to "waive" their right to overtime wages.

122.    Shortly after these discussions and after Defendants learned Named Plaintiff Ayers contacted the Wage and Hour Division about her entitlement to overtime wages, Defendants reduced Named Plaintiff Ayers' work hours.

123.    Thereafter, Defendants stopped scheduling Named Plaintiff Ayers and/or refused to provide her with patients despite needing additional home health aides for a period of time in retaliation for opposing Defendants' improper pay practices and making complaints regarding the same.

124.    When Named Plaintiff Ayers lodged the above-described complaints to Defendants and to the Wage and Hour Division, she was engaged in protected activity as defined by 29 U.S.C. § 215(a)(3).

125.    Defendants knew of Named Plaintiff Ayers' complaints and discussions with the Wage and Hour Division about her entitlement to overtime wages, and Defendants then took numerous actions against her that were retaliatory in nature and a direct consequence of said complaints. Such retaliatory actions include, but are not limited to (i) reducing her work hours, (ii)

preparing a form for Named Plaintiff Ayers to sign stating she was not entitled to overtime wages and/or she agreed to "waive" such wages; (iii) failing to assign her to patients despite needing additional home health aides for a period of time; (iv) assigning other home health aides to care for patients who had not opposed Defendants' improper pay practices or contacted  Wage and Hour Division instead of Named Plaintiff Ayers; and (v) assigning other home health aides who had signed the above-referenced form to care for patients instead of Named Plaintiff Ayers because she refused to sign the form.

126.     It is a violation of the FLSA for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

127.     Named Plaintiff Ayers has been damaged by Defendants' willful violation of the Fair Labor Standards act such that she is entitled to compensation therefore, including liquidated damages and attorney's fees.

## COUNT VI
## (RETALIATION IN VIOLATION OF OHIO MINIMUM FAIR WAGE STANDARDS ACT - NAMED PLAINTIFF AYERS ONLY)

128.     All of the preceding paragraphs are realleged as if fully rewritten herein.

129.     It is also a violation of the OMFWSA for an employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

130.     When Named Plaintiff Ayers was retaliated against as provided in the foregoing paragraphs, Defendants engaged in "prohibited acts" as that term is defined by Ohio Revised Code § 4111.13.

131.     Named Plaintiff Ayers has been damaged by Defendants' violations of the OMFWSA such that she is entitled to compensation therefore.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendants and for an Order:

A.  Certifying the proposed FLSA collective action;

B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.  Certifying the proposed Rule 23 Class under Ohio Law;

D.  Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative class and collective members per week, and because Defendants have failed to keep accurate records in accordance with Ohio Law, Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.  Awarding to the Named Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.  Awarding to the Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G.  Awarding Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.  Awarding Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.  Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J.  Granting Named Plaintiff Ayers all damages resulting from Defendants' willful violations of the FLSA and Ohio Law by taking retaliatory actions against her, including liquidated damages and attorney's fees, and any other relief or recovery to which she is entitled due to such actions;

K.  Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.  Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**

PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiffs*

## JURY DEMAND

Class Plaintiffs request a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)