UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TEMECA RICHARDSON,** *et al.***,**

      **Plaintiffs,**

  **v.**                           **Case No. 2:17-cv-838**

                                      **Magistrate Judge Chelsey M. Vascura**

**VIZION ONE INC,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (ECF No. 9). The motion is fully briefed and ripe for disposition. For the following reasons, Plaintiffs' Motion is **GRANTED IN PART and DENIED IN PART**.

      **I.**      **BACKGROUND**

Plaintiffs, Temeca Richardson, Stacey Sutherland, Stephanie Ayers, Angela Camara, and Lois Johnson, allege that they were jointly employed by Defendants, Vizion One, Inc. (which Plaintiffs also refer to as "Vizion One – Ohio"); Vizion One Inc. (which Plaintiffs also refer to as "Vizion One – D.C."); and their co-founders and co-owners, Addallah and Venesia Kitwara (Defendants collectively referred to as "Vizion One"). (Compl., ECF No. 1.) Sutherland, Ayers, and Camara were (or are) employed by Vizion One as home health aides, Richardson was employed by Vizion One as an office clerk, and Johnson was employed by Vizion One as both a

human resources clerk and a home health aide. (*Id.*) Plaintiffs were employed for various periods beginning May 2016 through the present. (*Id.*) All Plaintiffs allege that they regularly worked more than 40 hours per week, but were not paid one and one-half times their regular rates for hours they worked over 40 in any workweek. (Compl. at 9–10, ECF No. 1.)

Plaintiffs seek to represent two subclasses ("home health" employees and other "hourly" employees) in claims against Vizion One for unpaid overtime premiums in violation of the FLSA, Ohio's Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01, *et seq.* (the "Ohio Wage Act"), and the Ohio Prompt Payment Act, Ohio Rev. Code § 4113.15 ("OPPA"), as well as recordkeeping violations of the Ohio Wage Act. (Compl. at 16–20, ECF No. 1). Plaintiff Ayers also alleges that Vizion One discriminated against her because of her inquiries with the Wage and Hour division of the U.S. Department of Labor concerning her entitlement to overtime wages in violation of the FLSA and the Ohio Wage Act. (*Id.* at 20–24).

On March 27, 2018, Plaintiffs moved for conditional certification of their proposed FLSA subclasses. (Mot. at 2, ECF No. 9.) Plaintiffs further seek an order (1) requiring Vizion One to provide a list of all potential opt-in plaintiffs and (2) directing that Court-approved notice of Plaintiffs' FLSA claims be sent via U.S. mail and e-mail to the proposed subclasses. (*Id.*). It is this motion that is presently before the Court.

## II. STANDARD

Plaintiffs move for conditional certification under 29 U.S.C. § 216(b), which provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The United States Court of Appeals for the Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) ". . . must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.). A plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (Sargus, J.)).

Although courts are split as to what exactly a plaintiff must show at this stage, this Court has previously held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted,

3

and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.)). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919, at *1. Final certification occurs after all class plaintiffs have opted in and discovery has concluded. *Comer*, 454 F.3d at 546. "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (quoting *Comer*, 454 F.3d at 547) (*report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013)). At this second stage, courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage. *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). Finally, a defendant "may file a motion to decertify the class [at this

stage] if appropriate to do so based on the individualized nature of the plaintiff's claims."

*Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, J.).

### III. DISCUSSION

Plaintiffs have moved for conditional certification of the following FLSA collectives:

(1) All Ohio current and former hourly, non-exempt home health employees of Defendants, including home health aides, providing companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40, from January 1, 2015 through the date of final disposition of this case (the "216(b) Home Health Subclass").

(2) All Ohio current and former hourly, non-exempt employees of Defendants that did not provide companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 for the three years preceding the filing of this case through its date of final disposition (the "216(b) Hourly Employee Subclass").

(Mot. at 2, ECF No. 9.) In support of their assertion that they and other Vizion One employees are similarly situated, each Plaintiff submitted a declaration containing the following identical statements:

- "My experiences and pay as a home health aide[1] are similar to Vizion One Inc's other non-exempt hourly employees, including but not limited to other employees of Vizion One Inc working as home health aides, support professionals, support associates, caregivers, or other employees who provided companionship services, domestic services, home care, and/or other in-home services (collectively 'Home Health Employees')."

- "Throughout my employment, Vizion One Inc had a common company-wide policy of not paying me and Vizion One Inc's other hourly, non-exempt employees, including Home Health Employees, overtime compensation of at least one and one-half times our regular rates for hours worked in excess of 40 in a workweek. Instead, Vizion One Inc paid only our straight hourly rate for such hours."[2]

---

[1] Johnson's declaration states that "My experiences and pay as a *human resources clerk and* home health aide are similar . . ." but is otherwise identical. (Johnson Decl. at 1, ECF No. 9-3) (emphasis added). Similarly, Richardson's declaration states that "My experiences and pay as *an office clerk* are similar . . . ." but is otherwise identical. (Richardson Decl. at 1, ECF No. 9-5) (emphasis added).

[2] Richardson's declaration adds to the last sentence of this paragraph, "if anything at all." (Richardson Decl. at 2, ECF No. 9-5).

5

(ECF Nos. 9-1 through 9-5.)

Additionally, the declarations of Ayers, Camara, and Sutherland contained the following statement regarding their personal knowledge of Vizion One's alleged company-wide policy of not paying overtime wages:

- "I have personal knowledge of this company-wide policy because I asked why I was not paid overtime compensation of at least one and one-half times my regular rate for hours worked in excess of 40 in a workweek shortly after I began working for Vizion One Inc and was told the company does not pay overtime wages to me or the other hourly, non-exempt employees, including Home Health Employees, for hours worked in excess of 40 in a workweek."

Richardson states that her personal knowledge of Vizion One's overtime policy was gleaned when she

> observed the pay of other hourly non-exempt employees, including Home Health Employees, in my office duties for Vizion One Inc and saw that all Vizion One Inc's hourly, non-exempt employees were not paid overtime compensation of at least one and one-half times our regular rates for hours worked in excess of 40 in a workweek but were paid their straight, regular hourly rate of pay for such hours.
>
> Vizion One Inc's owners, Addallah Kitwara and Venesia Kitwara, also acknowledged this company-wide policy when questioned about overtime pay and stated the company did not have to pay overtime wages to hourly, non-exempt employees, including me and the other Home Health Employees, for hours worked in excess of 40 in a workweek because Vizion One Inc is a home healthcare company.

(Richardson Decl. at 2, ECF No. 9-5.)

Johnson's declaration does not contain any statement establishing personal knowledge of her otherwise conclusory assertion that Vizion One had a company-wide policy of not paying overtime wages. (ECF No. 9-3.) That is, Johnson does not provide any basis for the Court to conclude that other employees are similarly situated to her. This Court has previously characterized such statements as "speculative" and emphasized that "[t]he mere fact that these statements were made in a declaration does not make them non-speculative." *Flexter v. Action Temp. Servs., Inc.*, No. 2:15-CV-754, 2016 WL 7852351, at *4 (S.D. Ohio Mar. 25, 2016)

6

(Smith, J.) (finding the statement "Plaintiff and other members of the FLSA Collective . . . frequently worked forty or more hours per workweek and would have received overtime compensation, or additional compensation, if these unpaid hours had been properly included in their paid time" to be speculative without further evidentiary support).  And "speculative statements offered in connection with a Section 216(b) motion may not form the basis of conditional certification." *Rutledge*, 2012 WL 6593936 at *6 (citing cases).  Accordingly, the Court will disregard Johnson's averment that Vizion One has a company-wide policy of not paying overtime compensation.

The remaining declarations, however, provide a sufficient basis for the Court to conclude that other home health and hourly employees are similarly situated.  Ayers, Camara, Sutherland, and Richardson were all told that it was company policy not to pay overtime premiums on hours worked over 40 per week, even to hourly, non-exempt employees.  On its face, this policy would violate the FLSA, and "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585 (6th Cir. 2009).

Vizion One advances several arguments as to why, in its view, conditional certification should nevertheless be denied.  All of these arguments lack merit.

First, Vizion One asserts that the "cookie-cutter" nature of the various declarations means they "contain a degree of similarity as to not be credible." (Resp. at 1, ECF No. 12.)  However, at the conditional certification stage, courts "typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart*, 276 F.R.D. at 214.

7

Next, Vizion One argues that the declarations of Richardson and Johnson (the only two Plaintiffs who worked as non-home-health employees) are insufficient to establish that the Hourly Employee subclass is similarly situated.  Vizion One asserts that these declarations refer only to home health employees not being paid overtime.  (Resp. at 2, ECF No. 12.)  But this argument ignores that Richardson observed in the course of her office duties that "*all Vizion One Inc's hourly, non-exempt employees* were not paid overtime compensation" and was told by Vizion One representatives that the company "did not have to pay overtime wages to *hourly, non-exempt employees*, including me and the other Home Health Employees . . . ."  (Richardson Decl. at 2, ECF No. 9-5 (emphasis added).)  Although Johnson's declaration has been disregarded by the Court for lack of personal knowledge as to Vizion One's policies, Richardson's declaration is sufficient to establish that the Hourly Employee subclass is similarly situated.

Further regarding the Hourly Employees subclass, Vizion One suggests that the subclass must be limited to office clerks and human resources clerks, as these are the only two non-home-health hourly positions represented by the named Plaintiffs.  Vizion One specifically argues that "[n]on-exempt cannot constitute a class of employees, as that does not fall under the definition of similarly situated."  (Resp. at 4, ECF No. 12.)  But Vizion One has not provided any authority for this proposition.  Indeed, the Sixth Circuit has stated that a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47.  Richardson and Johnson have met this standard by establishing that they were non-home-health hourly employees who were subject to a company-wide policy of not paying overtime compensation.

8

As to the Home Health subclass, Vizion One contends that the subclass definition is too vague, because it lists various types of employees that are included in the class, but does not exclude any employees. As a result, according to Vizion One, "that class could include any employees of Defendants." (Resp. at 4, ECF No. 12.) But the Home Health subclass is limited to "[a]ll Ohio current and former hourly, non-exempt *home health employees* of Defendants." (Mot. at 2, ECF No. 9 (emphasis added).) Vizion One has not suggested that the category of "home health employees" itself is too vague to determine membership, and therefore the subclass, which is limited to those employees, is not impermissibly vague.

Finally, Vizion One argues that the time periods of the subclasses should not be extended back further than the employment start dates of the named Plaintiffs, because the declarations do not establish any FLSA violations prior to those dates. (Resp. at 5, ECF No. 12.) Plaintiffs seek conditional certification for the period of January 1, 2015, to present for the Home Health subclass, because a Department of Labor regulation that eliminated the FLSA exemption for home health employees became effective on January 1, 2015. *See* 29 U.S.C. §§213(a)(15), (b)(21); 29 C.F.R. §§ 552.109(a), (c), 552.6; *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *5 (S.D. Ohio Feb. 27, 2017) (Black, J.). Plaintiffs seek conditional certification for the period of September 22, 2014, (three years prior to the filing of the Complaint) to present for the Hourly Employee subclass to coincide with the three-year statute of limitations for claims of willful violations of the FLSA. 29 U.S.C. § 255(a). The earliest dates of Plaintiffs' employment are August 2016 (Sutherland) for the Home Health subclass and May 2016 (Richardson) for the Hourly Employee subclass.

However, Vizion One does not provide any authority for limiting FLSA collective actions in this way. Further, Plaintiffs' common experience of being told that Vizion One does

not pay overtime as a matter of policy plausibly suggests that the policy pre-dated Plaintiffs' employment. The Court is not concerned with the merits of Plaintiffs' claims at this stage, but Vizion One will have the opportunity to demonstrate that it complied with the FLSA during the relevant periods in due course.

In sum, Plaintiffs have sufficiently established that the Home Health subclass and the Hourly Employee subclass are similarly situated for purposes of a collective action under 29 U.S.C. § 216(b). It is therefore appropriate for Vizion One to provide Plaintiffs with a list of potential class members. Plaintiffs also seek approval of their proposed notice to potential opt-in plaintiffs. However, Vizion One focused all of its briefing efforts on the merits of conditional certification and did not address Plaintiffs' proposed notice. The Court directs the parties to meet and confer regarding the notice content and method of delivery and, if possible, to submit an agreed-upon proposed notice for the Court's approval.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court conditionally certifies the following subclasses:

(1) All Ohio current and former hourly, non-exempt home health employees of Defendants, including home health aides, providing companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40, from January 1, 2015 through the date of final disposition of this case (the "216(b) Home Health Subclass").

(2) All Ohio current and former hourly, non-exempt employees of Defendants that did not provide companionship services, domestic services, home care, and other in-home services who worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 for the three years preceding the filing of this case through its date of final disposition (the "216(b) Hourly Employee Subclass").

Defendants are further **ORDERED** to produce to Plaintiffs **within 14 days of this Order** a list, in electronic and importable format, of all potential members of each of the conditionally-

certified subclasses, including their names, positions of employment, last-known mailing addresses, email addresses, work locations, and dates of employment.

The parties are further **ORDERED** to meet and confer regarding the content and method of delivery of the notice to be sent to potential class members.  Within 14 days of this Order, if the parties are able to reach an agreement, the parties shall jointly submit a proposed notice to potential class members for the Court's approval.  If the parties are unable to reach an agreement, Defendants shall file within 14 days of this Order any objections to the proposed notice and delivery methods already submitted by Plaintiffs (ECF Nos. 9-6, 9-7, and 9-8).

The Clerk shall remove ECF No. 9 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE