UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Temeca Richardson**, *et al.*, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> **Vizion One Inc**, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-838 <br><br> **Magistrate Judge Chelsey M. Vascura** |

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement (ECF No. 60) ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Settlement Agreement and General Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A (ECF No. 60-1).

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declarations of Matthew J.P. Coffman and Peter A. Contreras, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA claims and approval of the same, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On September 22, 2017, Plaintiffs, Temeca Richardson, *et al.*, filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on behalf of

themselves and other similarly situated current and former employees alleging overtime violations under the Fair Labor Standards Act ("FLSA").

3. Defendants deny any liability or wrongdoing of any kind.

4. On March 27, 2018, Plaintiffs filed a Motion to Certify the Class conditionally pursuant to 29 USC 216(b). (ECF No. 9.)

5. On or about August 16, 2018, the United States District Court entered an Opinion and Order granting in part the Motion to Certify the Class for purpose of its FLSA claims. On October 25, 2018, the Court issued an Order approving Parties' Joint Notice to Putative Collective Members and Distribution Plan. (ECF No. 24.)

6. A total of eighteen (18) individuals ultimately opted in, including the Representative Plaintiffs.

7. Defendants provided wage and payroll records to counsel for the Plaintiffs such that detailed damages analysis and calculations could be completed.

8. On January 23, 2020, the Parties attended a full day mediation with the Court designated mediator David Shouvlin and negotiated a resolution of this matter.

9. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, correspondence, and good faith bargaining.

10. The FLSA Collective Action Settlement will provide the Representative and Opt-in Plaintiffs payments in the amounts identified in Exhibit D of the Settlement Agreement. All Representative and Opt-in Plaintiffs will receive 100% of their unpaid overtime wages, totaling $23,614.76. Representative Plaintiffs Richardson and Ayers will receive additional payments of $3,000 each to settle claims for off-the-clock wages and FLSA retaliation, respectively. Additionally, Plaintiffs' counsel will be paid a total of $35,385.24 for all attorneys' fees and costs

incurred in this Action, which Plaintiffs' counsel represents is a $3,396.46 reduction from their lodestar amount of fees and costs. Thus, the total settlement amount paid by Defendant will be $65,000.

11. The Settlement Agreement provides that, in consideration of the Total Settlement Sum, the wage and hour claims of the Representative and Opt-In Plaintiffs are to be released and dismissed with prejudice.

12. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the FLSA Class Representatives and the FLSA Class Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

13. The Court approves the Agreement and its Exhibits, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the FLSA Collective Action Settlement as to the Representative and Opt-in Plaintiffs.

14. The Court finds that the proposed allocation and calculation of the settlement payments to the Representative and Opt-in Plaintiffs as listed in Exhibit D to the Settlement and Release are fair and reasonable. The Court approves the method of calculation and proposed distribution of the settlement payments.

15. The Court approves the settlement payments to Representative Plaintiffs Richardson and Ayers that resolve their additional claims as set forth in the Agreement.

16. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

17. The Court dismisses the claims of the Representative Plaintiffs and all Opt-in Plaintiffs as defined in Settlement and Release with prejudice, and enters final judgment dismissing them from the Action. Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

18. The Court retains jurisdiction over the Action to enforce the terms of the Settlement.

It is therefore **ORDERED** that this action is **DISMISSED** on the merits **WITH PREJUDICE**.  All persons bound by the action, including class representatives, are barred from prosecuting against any Releasees as defined in the Settlement Agreement, of any of the Released Claims, as defined by the Settlement Agreement.  This Court shall retain jurisdiction of this matter for the purpose of enforcing the Settlement Agreement.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE