# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TEMECA RICHARDSON** *et al.*, | ) Case No. 2:17-cv-838 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Magistrate Judge Chelsey M. Vascura |
| v. | ) |
| | ) |
| **VIZION ONE INC**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs respectfully move this Court to enforce the parties' settlement agreement approved by the Court on April 13, 2020 (Doc. 61) and to compel Defendants to pay the additional $3,910.85 owed to Plaintiffs' counsel for attorney's fees and costs pursuant to the parties' settlement agreement.

Respectfully Submitted:

*/s/ Matthew J.P. Coffman*
**Matthew J.P. Coffman**
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**Contreras Law, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878

1

Fax: 614-957-7515<br>
Email: peter.contreras@contrerasfirm.com<br>
*Attorney for Plaintiffs*

## **Memorandum in Support**

**I.  Factual Background**

The parties to this action attended mediation on January 23, 2020. A settlement was reached at the mediation, and the parties subsequently reduced the settlement to a written agreement. The nature of this suit required Court approval of the settlement, and parties moved for approval on April 9, 2020 (Doc. 60). On April 13, 2020, the Court approved the parties' settlement agreement (Doc. 61).

The parties' agreement required, among other terms, payment of $35,385.24 in attorney's fees and costs. (Doc. 60-1). On May 14, 2020, Defendants paid $1,474.39 to Plaintiffs' counsel and asserted that Defendants would potentially move the Court to postpone enforcement of the parties' settlement agreement due to the COVID-19 pandemic. *See* May 11, 2020 letter with checks, attached as Exhibit A to Declaration of Counsel, attached hereto as Exhibit 1.

Counsel for Defendants and Plaintiffs thereafter exchanged numerous emails and had discussions by phone regarding a reduction to the previously agreement amount to be paid for attorney's fees and costs. At that time, Defendants still owed $33,910.85 in outstanding fees and costs to Plaintiffs' counsel. On May 22, 2020 and *after* having made the initial $1,474.39 payment, Defendants' counsel, Ms. Probst, stated Defendants "will take **30K**[1] from their line of credit and make **one lump sum payment** rather than spread it out at all. But that would be **short 3-4K**. They are wondering if you will take that? This is just the attorney fee portion." *See* May 22, 2020 email sent at 10:39 am, attached as Exhibit B to Declaration.

---

[1] Emphasis supplied throughout.

Plaintiffs' counsel sought clarification and asked "So **the additional 3-4K** would be paid later / in installments?" *See* May 22, 2020 email sent at 10:41 am, attached as Exhibit C to Declaration. Ms. Probst responded and clearly stated "Meaning full satisfaction of Attorney Fee portion – **for 30K lump**." *See* May 22, 2020 email sent at 10:45 am, attached as Exhibit D to Declaration.

Plaintiffs' counsel sought further clarification and asked "Is there a reason they cannot simply draw the entire agreed upon amount from their line of credit? Is there line [*sic*] credit **only 30K**?" *See* May 22, 2020 email sent at 10:54 am, attached as Exhibit E to Declaration. Ms. Probst responded that "They only have **the 30K**. That is their last available cash." *See* May 22, 2020 email sent at 10:57 am, attached as Exhibit F to Declaration. Plaintiffs' counsel then asked "So the **30K would be paid 7 days from their receipt**? Any idea how quickly they would have it?" *See* May 22, 2020 email sent at 11:19 am, attached as Exhibit G to Declaration.

Plaintiff's counsel and Ms. Probst thereafter had a telephone call wherein they discussed the proposed payment modification. *See* Exhibit 1 at ¶11. During the call, counsel confirmed that Plaintiffs' counsel would accept a single additional, "lump sum" payment in the amount of $30,000 on the express condition such amount was paid in full no later than Friday, May 29, 2020 to resolve the remaining $33,910.85 owed to Plaintiffs' counsel as of that date. *See* Exhibit 1 at ¶12. This would result in a total reduction of $3,910.85 from the originally agreed amount for fees and costs. *See* Exhibit 1 at ¶13.

There was never any discussion of "crediting" the previous $1,474.39 paid on May 14, 2020 against the recently agreed $30,000 "lump sum" amount to be paid, thereby bringing the actual additional payment to be made to only $28,525.61. *See* Exhibit 1 at ¶14. Not only was there never any such discussion, but such an interpretation would also be entirely inconsistent with and

3

explicitly contradict the numerous emails listed above that reference an additional "lump sum" and "lump" payment of $30,000 in lieu of Defendants' unilateral decision to make smaller payments over time. Such an interpretation is additionally expressly contradicted by the above-referenced discount sought by Defendants, which was repeatedly described as "3-4K" less than the previously agreed amount. If counsel for the parties discussed and agreed to an additional payment of only $28,525.61, Defendants' total payments made would actually be **$5,385.24** less than the previously agreed amount, not 3-4K (or specifically $3,910.85).

Indeed, immediately after counsel discussed the proposal by phone after their numerous emails exchanged, Ms. Probst reiterated the terms of the proposed modification and stated "Per our earlier conversation, my client Vizion One, Inc., and its owners Venezia and Abdullah Kitwara have agreed to make a **one time *lump sum* payable no later than Friday May, 29, 2020 *in the amount of $30,000*** to Contreras Law as payment in full of all attorney fees owed…Please confirm your understanding." *See* May 22, 2020 email sent at 1:27 pm, attached as Exhibit H to Declaration.

Plaintiffs' counsel responded to the above by stating "That is acceptable with the understanding that we do **reserve all rights to pursue the full outstanding amount should they not make the *full payment of $30,000* no later than Friday, May 29, 2020**." *See* May 22, 2020 email sent at 1:39 pm, attached as Exhibit I to Declaration. Ms. Probst responded "Agreed." *See* May 22, 2020 email sent at 1:42 pm, attached as Exhibit J to Declaration.

On May 28, 2020, Ms. Probst emailed Plaintiffs' counsel to advise she had received additional checks from her clients. She noted, however, that "**he didn't send payment in full**. I did get your check but it looks like his payroll person took taxes out on it-its 28575. Something. I

4

will have to check on that-and **see if ic an [*sic*] get the remainder overnighted**-that's just bizarre." *See* May 28, 2020 email sent at 1:04 pm, attached as Exhibit K to Declaration.

On May 29, 2020, a check in the amount of $28,525.61 payable to Plaintiffs' counsel was hand-delivered. *See* May 29, 2020 cover letter, Exhibit L to Declaration. Plaintiffs' counsel and Defendants' counsel thereafter discussed that Defendants had failed to abide by the terms of the revised payment amount as they failed to pay the full $30,000 amount by May 29, 2020. *See* Exhibit 1 at ¶20. Over a week later on June 8, 2020, Plaintiffs' counsel received a check for the remaining $1,474.39. *See* Exhibit 1 at ¶21.

Thereafter, counsel exchanged numerous additional emails about the veracity of Defendants' prior representations they had only $30,000 available through a line of credit in the same amount as their "last available cash" in seeking and obtaining the above-discussed reduction in fees to be paid. *See* Exhibit 1 at ¶22. Defendants refused to provide any documents or verification to support such claim. *See* Exhibit 1 at ¶23. The parties then requested a status conference with the Court regarding Plaintiffs' position that Defendants breached both the original agreement and any subsequent modification by failing to pay the original agreed upon amount and also failed to pay the lesser amount discussed in full by the agreed upon date under the terms of the parties' subsequent agreement. *See* Exhibit 1 at ¶24.

**II.     Argument**

Based on all of the foregoing, Defendants clearly breached their obligation under the parties' formal, written settlement agreement to pay $35,385.24 in attorney's fees and costs following this Court's approval. Defendants thereafter also failed to pay the additional "lump sum" payment of $30,000 no later than May 29, 2020 to Plaintiffs' counsel to satisfy the subsequent reduced fees amount.

5

The above discussed numerous emails and attached Declaration of Counsel make it perfectly clear the parties discussed and then memorialized (1) the amount to be paid was a single $30,000 lump payment; and (2) this amount had to be paid in full no later than May 29, 2020. In the event the full $30,000 was not paid, Plaintiffs' counsel expressly reserved "all rights to pursue the full outstanding amount", which was the $35,385.24 agreed upon at mediation and memorialized in the parties' formal written agreement.

Defendants unquestionably again breached their obligation to pay this reduced amount in full by that date as they did with the initial agreement of the parties prior to obtaining the fees discount after threatening bankruptcy. There is plainly no support for the Defendants' claimed interpretation of the above emails exchanged that the subsequent agreement to pay a $30,000 "lump sum" somehow included a "credit" of the initial payment of $1,474.39. Indeed, in negotiating the reduced attorney's fees amount, counsel used the terms "lump", "lump sum", or "$30,000" in referencing the single payment to be made no less than nine (9) times. Notably, they did not mention any "credit" for $1,474.39 paid weeks earlier, or the $28,525.61 amount Defendants ultimately paid by May 29, 2020 a single time.

In fact, Defendants' attorney Ms. Probst noted this much in stating "he didn't send payment in full" and discussed her efforts to get the "remainder" overnighted. *See* Exhibit K to Declaration. The remaining $1,474.39 was not received by Plaintiffs' counsel until over a week after the May 29, 2020 deadline on June 8, 2020. *See* Exhibit 1 at ¶21. Moreover, counsel also noted on numerous occasions that the "discount" would ultimately be "3-4K", which could only be interpreted as requiring a full payment of the additional $30,000 "lump sum" amount based on the original agreed upon amount of $35,385.24. Any other interpretation simply makes no sense based on the repeated

6

references to the forthcoming $30,000 as a "lump sum" or "lump" payment and also does not mathematically add up.

Accordingly, pursuant to the parties' original and subsequent agreements as memorialized in their emails, Plaintiffs' counsel is entitled to the full outstanding amount of attorney's fees and costs owed under the original written formal settlement agreement, which is $3,910.85 as of the date of this Motion.

### III. Conclusion

In sum, Plaintiffs respectfully move this Court to enforce the parties' settlement agreement approved by the Court on April 13, 2020 (Doc. 61) and to compel Defendants to pay the additional $3,910.85 owed to Plaintiffs' counsel for attorney's fees and costs pursuant to the parties' settlement agreement and/or the parties' subsequent modification to the same.

Respectfully Submitted:

*/s/ Matthew J.P. Coffman*
**Matthew J.P. Coffman**
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**Contreras Law, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com
*Attorney for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of July 2020, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

                                                  */s/ Peter A. Contreras*
                                                  Peter A. Contreras (0087530)